

FILED

2004 JUN 10  A 11: 13

**UNITED STATES DISTRICT COURT**
U.S. DISTRICT COURT
HARTFORD, CT.

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. 3:02CV00396 (AVC) |
| VS. | : | |
| AMERICAN HOME CARE, INC., et al., | : | |
| Defendant. | : | JUNE 1, 2004 |

**DEFENDANTS' PROPOSED FINDINGS**
**OF FACT AND CONCLUSION OF LAW**

The sole issue in this case is this: Can the United States look through or "pierce" the corporate veil of AHC to attach personal liability upon that corporation principals, Judith and Gregory Bachand. Factually and legally it cannot.

AHC is a Connecticut corporation that participated in the Medicare program as a provider of home health services dating from January 1993. AHC's Medicare intermediary was Associated Hospital Services of Main, Inc. (Intermediary). (N.B.: The Defendants are utilizing the abbreviation used by the United States in its papers.) AHC operated in Fairfield County.

Judith Bachand (Judith) was AHC's sole director, shareholder and President. Gregory Bachand (Gregory) was the company's counsel and chief

operating officer.  The Bachands' three children – Derek, Chad and Tanya – were also employed at various times by AHC.  None of the children are parties to this action, however.

The liability of AHC is not seriously disputed by the Defendants.  No appeal was taken from the Plaintiff's overpayment findings.  As such, the Defendant Corporation is collaterally estopped from contesting those assessments.  42 USC §139500.

That being the case, the inquiry shifts to whether or not the Plaintiff can impose AHC's corporate liability on the individual Defendants.  The Plaintiff proposes three theories, the first by that federal rather than Connecticut state law applies.

1.    Federal v. State Law.

The United States argues that federal law should be applied in determining whether the alter ego doctrine applies.  It cites four cases.  Each, however, is inapposile. United States v. Kimbell Foods, 440 U.S. 715 (1979) covers an issue of whether contractual liens arising from a federal loan program (SBA) took precedence over private liens.  In the present case, there is no issue of lien priority only of piercing the corporate veil (Complaint).

Even more far afield is Lansford-Coaldale Joint Water Authority v. Toriolli Corp., 4 F.3D 1209 (3d Cir. 1993) which concerns, inter alia, whether federal

common law governed corporate veil piercing under CERCLA. See 42 U.S.C. §9607(a)(1). The more precise issue was whether the Defendant Tonolli could be held liable under CERCLA as the parent corporation of the actual "polluting" corporation. Lansford-Coaldale, 4 F. 3d at 1225.

Friedman v. Heckler, 765 F. 2d 383 (2d Cir. 1985) is an action by a Medicare provider for review of a decision by its Provider Reimbursement Review Board which affirmed the denial of claim for reimbursement. The District Court denied the complaint and the provider (Friedman) appealed. The Second Circuit affirmed. Not only is Friedman factually off point, no where in the decision does the Circuit Court even hint at a discussion of veil piercing. The United States' citation (p. 387) relates to the court's passing comment about whether the Reimbursement Review Board should have applied New York property law or federal common law. The issue was reimbursement standards not veil-piercing. Id. at 387.

Lastly, the United States relies upon United States v. Pisani, 646 F. 2d 83 (3d Cir. 1981). Pisani is an unreported decision. [This case was not able to be located but for its citation by the Defendants an the Danbury Superior Court Law Librarian.] The Defendants were not able to locate any Medicare or piercing the corporate veil case holding that federal common law rather than state law applied to the case at bar. Similarly, the United States found none either. See Plaintiff's Proposed Conclusion of Law p. 10 and discussion supra The Corporate Veil.

The Defendants do not dispute the government's right to *try* to pierce AHC's corporate veil. See e.g. First National City Bank v. Banco Para El Comercio, 462 U.S. 611, 630 (1983). It, like any other creditor, has that right.

The Defendants have previously discussed Connecticut's veil piercing standards in their Objection to the Plaintiff's Motion for Summary Judgment (incorporated herein).

2.    31 USC §3713(b)

The United States asserts that the Bachands are personally liable for AHC's corporate debt (i.e. the overpayments) under 31 USC §3713(b). That section states: "A representative of a person or an estate . . . paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government".

The Plaintiff has produced no evidence – in any form – showing that AHC made any preferential payment to any creditor rather than to the United States. Further, AHC had no debt at the time it was sold except to the United States. *No creditor was paid.* To be liable under this section a representative of the debtor (here AHC) must have paid a debt of the estate of the debtor in derogation of the United States' priority. United States v. Coppolla, 85 F3d 1015 (2nd Cir. 1996).

3.    Constructive Trust

The imposition of a constructive trust is an equitable remedy designed to

prevent injustice. <u>U.S. v. Idaho Falls Assoc. Ltd. Psp.</u>, 81 F. Supp. 2nd 1033, 1045 (D. Idaho 1999). State law governs the appropriateness of the remedy. <u>Id</u>. [as cited by the Plaintiffs].

To invoke a constructive trust, there must be a duty owed or a fiduciary or otherwise special relationship between the parties. <u>Filosi v. Hawkins</u>, 1 Conn. App. 634 (1984). The party asserting the existence of the trust bears the burden of proving its existence and that the property that is the subject of the trust can be traced. <u>In re Handy & Harman Refining Group</u>, 266 B.R. 24 (D. Conn. 2001).

The trust does not arise unless, "contrary to intention and in invitum, against one who by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in any equity and good conscience, hold and enjoy . . . ". <u>Jaser v. Fischer</u>, 65 Conn. App. 349 359 (2001). There must be wrongful appropriation or conversion or a failure to convey property. <u>Id</u>.

4.    <u>FACTS</u>

The Defendants operated AHC in accordance with the laws of the State of Connecticut and the United States.

The Defendants adopt and incorporate their previously filed Local Rule 9

statement and their opposition to the Plaintiff's prior Motion for Summary Judgment.

Any "assets" transferred by the Bachands as corporate officers were made in the ordinary course of the business of AHC. None of the expenses has been challenged or disallowed by the IRS or State of Revenue Services.

THE DEFENDANTS

By:_____

Christopher G. Winans, Esquire
100 Mill Plain Road, 4th Floor
P.O. Box 2809
Danbury, Connecticut   06813-2809
(203) 748-4888
Federal Bar No. CT02254