UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Docket No. 3:02CV00396 (AVC) |
| VS. | : | |
| AMERICAN HOME CARE, INC., et al., | : | |
| Defendants. | : | February ___, 2005 |

SETTLEMENT AGREEMENT

PARTIES

This Settlement Agreement is entered into this ___ day of February, 2005, by and between the United States of America (the Plaintiff); American Home Care, Inc.; Gregory N. Bachand; and Judith K. Bachand (the Defendants), (collectively "the parties"), through their undersigned counsel and/or authorized representatives.

PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.  The Plaintiff commenced this lawsuit against the Defendants by complaint filed on March 5, 2002.

B.  A settlement conference was held by the Honorable Thomas P. Smith, United States Magistrate Judge, on August 19, 2004, during which the Parties agreed to settle the dispute.

C. In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation on the Plaintiff's claims, the Parties have reached a full and final settlement as set forth below.

## TERMS OF AGREEMENT

1. Gregory N. Bachand and Judith K. Bachand agree to assign to the United States of America the remaining "covenant not to compete" payments from Masonicare, Inc. in the amount of $2,708.00 per month, commencing immediately and ending with the last payment, expected in December, 2006. The necessary documents to effectuate the assignment shall be executed by the Defendants within ten (10) business days after the execution of this Settlement Agreement. Regular, monthly payments shall be made payable to "Department of Justice" and mailed to the United States Attorney's Office, Attention: Financial Litigation Unit, 157 Church Street, 23rd Floor, New Haven, Connecticut, 06510. Each payment should reference "USAO# 1999Z00228".

2. Gregory N. Bachand and Judith K. Bachand agree to liquidate the larger of two individual retirement accounts ("IRA") with an approximate current value of $45,000.00. The proceeds from the liquidated IRA shall be delivered to the United States Attorney's Office within ten (10) business days after the execution of this Settlement Agreement in accordance with the directions set forth in Paragraph 1, above.

3. Gregory N. Bachand and Judith K. Bachand agree to execute and grant to the United States of America a mortgage in the amount of $82,500.00, on real property located at 11 Hickory Court, Wallingford, Connecticut. The Defendants shall provide to the United States a recorded copy of the executed mortgage deed within ten (10) business days after the execution of this Settlement Agreement. The terms of the mortgage are such that $82,500.00 shall be due

and payable upon the first of the two following events occurring: (a) sale of the property located at 11 Hickory Court, Wallingford, Connecticut, or (b) the death of Gregory N. Bachand and Judith K. Bachand. The United States hereby acknowledges that there will be no pre-payment penalty in the event the indebtedness is satisfied prior to either of the above events occurring.

4. The Defendants' failure to comply with any of the schedules set forth in Paragraphs 1 through 3, above, shall constitute a default. In the event of a default, the Plaintiff is entitled and the Defendants agree that judgment shall enter against the Defendants individually, for the full amount of the debt claimed in the Complaint, and further entitle the Plaintiff to declare the entire balance immediately due and payable. Said default shall further entitle the Plaintiff to collect upon the judgment in any manner provided by law, and further reserve the right to take any tax refund owed to either Defendant by the Internal Revenue Service and apply such refund to the unpaid amount of judgment.

5. Gregory N. Bachand and Judith K. Bachand acknowledge that in connection with this settlement, they have submitted an Affidavit affirming that they have not dissipated or concealed substantial assets. In the event that it is determined by a court of competent jurisdiction that Gregory N. Bachand and/or Judith K. Bachand have knowingly made or invited reliance upon a false, forged or counterfeit statement, document or thing in connection with this Settlement Agreement, or he/she knowingly provided material information to the United States which is substantially inaccurate or incomplete, in a manner which would affect the fundamental premises on which this Settlement Agreement is based, then as to the party or parties who made or invited reliance upon a false, forged or counterfeit statement, document or thing or who provided such material and substantially inaccurate or incomplete information, this Settlement Agreement shall

be void and judgment shall enter in favor of the United States for the full amount of debt claimed in the Complaint, and against Gregory N. Bachand and/or Judith K. Bachand, individually.

6. Within five (5) business days of receipt by the United States of the (a) IRA proceeds described in Paragraph 2, above; (b) the copy of the recorded mortgage deed described in Paragraph 3, above; (c) the executed Affidavit referenced in Paragraph 5, above; (d) and all regular monthly payments, described in Paragraph 1, above, that have been disbursed as of the dates that (a), (b) and (c) of this paragraph have been completed, the Parties will file with the United States District Court for the District of Connecticut a joint stipulation of dismissal of United States v. American Home Care, Inc., et al., docket number 3:02CV00396 (AVC).

7. In the event of a voluntary of involuntary liquidation or reorganization case by or against the Defendants under bankruptcy, receivership or other insolvency law, the Defendants agree not to contest or oppose any motion filed by the United States and/or the Department of Health and Human Services seeking relief from or modification of the automatic stay imposed by 11 U.S.C. § 362(a), nor seek relief under 11 U.S.C. § 105 to enjoin or restrain the United States and/or the Department of Health and Human Services from recovering monies owed by the Defendants arising out of this agreement. The Defendants recognize that this express waiver is in consideration of the final settlement of the claims contained in the Complaint.

8. In the event of a voluntary of involuntary liquidation or reorganization case by or against the Defendants under bankruptcy, receivership or other insolvency law, the Defendants expressly agree and admit that their obligation to pay the settlement amount described in this Settlement Agreement is nondischargeable under the United States Bankruptcy Code.

9. It is agreed that each party shall bear its own costs, expenses and attorneys' fees.

10. This Agreement is executed in multiple originals and each shall be of the same force and effect at law.

11. Each person who signs this Agreement in a representative capacity warrants that he or she is duly authorized to do so.

On Behalf of the United States

Kevin J. O'Connor
United States Attorney

Dated: July 7, 2005

Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT   06510
(203) 821-3780

On Behalf of American Homecare, Inc.

Dated: February 3rd, 2005

Gregory Bachand

Dated: February 3rd, 2005

Gregory N. Bachand
11 Hickory Court
Wallingford, CT   06492
(203) _____

Dated: February 3rd, 2005

Judith K. Bachand
11 Hickory Court
Wallingford, CT   06492
(203) _____

5